UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| M.G., *a minor child by* S.G., his parent and legal guardian, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cv-00092-TLS-SLC ) |
| WHITLEY COUNTY CONSOLIDATED SCHOOLS, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a suit filed by Plaintiff M.G., a minor, by S.G., his parent and legal guardian, against Defendant Whitley County Consolidated Schools, alleging that Defendant has violated the Establishment Clause of the First Amendment to the United States Constitution by allowing adult persons associated with a church or religious group to enter M.G.'s school to engage in religious and other conversations with students during the school day, resulting in emotional harm to M.G. (DE 1). Now before the Court is M.G.'s motion seeking leave for S.G., who has the same last name as M.G., to proceed anonymously by her initials in this litigation. (DE 6; DE 6-1 ¶ 7). M.G. asserts that if S.G.'s name is made known, he would be easily identified, violating the intent of Federal Rule of Civil Procedure 5.2(a)(3) providing that a minor may be identified only by his initials in court filings. Defendant has not responded to the motion, and its time to do so has now passed. N.D. Ind. L.R. 7-1(d)(2)(A).

Courts "disfavor anonymous litigation." *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005). "The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret." *Id*. (citations omitted). "The presumption

that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (citations omitted). Even if there is no objection, the court "has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceedings in federal courts." *Doe v. Trs. of Ind. Univ.*, No. 1:12-cv-1593, 2013 WL 3353944, at *3 (S.D. Ind. July 3, 2013) (citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)).

"Records or parts of records are sometimes sealed for good reasons, including the protection of state secrets, trade secrets, and informers; and fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872. "An important factor in favor of anonymity is whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age." *P.D. v. Carroll Consol. Sch. Corp.*, 820 F. Supp. 2d 907, 909 (N.D. Ind. 2011) (citation and internal quotations marks omitted).

In his complaint, M.G. alleges that he is "greatly upset" by the "constant intrusions of religious persons at the school," that he "does not want religious personnel to talk to other students at the school during school hours as this makes him feel left out" and "ostracized," and that "he feels like he is being coerced into unwelcome religious practices." (DE 1 ¶¶ 14, 19, 24, 25). M.G. further alleges that another student left him a copy of a religious book with M.G.'s name on it, and when M.G. returned the book to the student, the student gave it back to him—this time with a note stating that M.G. was going to go to Hell. (DE 1 ¶ 18). M.G. alleges

2

that he "has suffered and is suffering emotional harm . . . by the aggressive presence of the church and church personnel and Campus Life representatives within the school during the school day . . . ."  (DE 1 ¶¶ 30, 31).

In support of the instant motion, S.G. submits her affidavit, attesting that this case involves "pervasive religious influences in [her] son's school and the harm that has been caused to [her] son because he has not followed the majority religious viewpoint in his school."  (DE 6-1 ¶ 4).  S.G. attests that as alleged in the complaint, her son "has felt ostracized and left out of the school community," and that "public disclosure of [her] son's identity . . . will only make things worse."  (DE 6-1 ¶¶ 4, 5).  She further attests that she "reasonably fear[s] that if [M.G.'s] role as plaintiff in this case becomes publicized he will be subject to public criticism and made to feel even more of an outsider," and that "[h]e has already been told by a fellow student that he was destined for Hell, which made him very upset."  (DE 6-1 ¶ 5).

In *Doe ex rel. Doe v. Elmbrook School District*, 658 F.3d 710 (7th Cir. 2011), *opinion vacated on rehearing en banc*, 687 F.3d 840 (7th Cir. 2012), *cert denied*, 134 S. Ct. 2283 (2014), a case challenging the propriety under the First Amendment of public high school graduation ceremonies being held in a church, the Seventh Circuit Court of Appeals found that the district court did not err in allowing the parents of the minor children to proceed anonymously.[1]  In doing so, the Seventh Circuit acknowledged that "[l]awsuits involving religion can implicate deeply held beliefs and provoke intense emotional responses."  *Id*. at 723.  The Seventh Circuit also found it "significant that children are involved in the suit," reasoning that "[i]dentifying these

---

[1] The *en banc* decision did not criticize the conclusions reached by the panel decision considering the plaintiffs' anonymous status; nor did the *en banc* decision comment on the district court's decision to allow the plaintiffs to proceed anonymously in the action.

adult plaintiffs also would expose the identities of their children." *Id*. at 724. Additionally, the Seventh Circuit acknowledged that "[b]ecause the subject matter of the suit frequently has a tendency to inflame unreasonably some individuals and is intimately tied to District schools, such a risk to children is particularly compelling." *Id.* (citation omitted).

The instant action, too, centers on religion and public schools, and thus, may "implicate deeply held beliefs and provoke intense emotional responses." *Id*. As in *Elmbrook*, S.G. has submitted an affidavit attesting that M.G. has suffered harm as a result of Defendant allowing adult persons associated with a church or religious group to enter M.G.'s school to engage in religious and other conversations with students during the school day, and that exposing M.G.'s identity through using S.G.'s name would subject M.G. to further harm through public criticism. (DE 6-1 ¶¶ 4, 5). There is a difference, however, between S.G.'s affidavit and the affidavits submitted in *Elmbrook*. The plaintiffs' affidavits in *Elmbrook* attached comments posted in an online community forum after the lawsuit was filed, several of which raised legitimate concerns of retaliation. *See City of Chicago*, 360 F.3d at 669 ("The danger of retaliation is often a compelling ground for allowing a party to litigate anonymously." (citations omitted)). Here, S.G.'s affidavit simply advances her own belief that M.G. will suffer further harm if he is exposed to public criticism.

Nevertheless, on balance, the Court finds that the instant suit is sufficiently analogous to *Elmbrook* to provide guidance. M.G. is a young child and this suit involves religion and public schools—a topic that "has a tendency to inflame unreasonably some individuals" in most communities. *Elmbrook*, 658 F.3d at 723 (citation omitted); *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2nd Cir. 2008) (recognizing that an important factor in favor of

4

anonymity is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age"). Accordingly, at this time, the Court finds that the risk to M.G.'s health and safety, if his parent is identified by name, outweighs the public's interest in judicial openness and overcomes the presumption against anonymous litigation.

Therefore, M.G.'s motion to allow S.G., as parent and legal guardian, to proceed by anonymous name (DE 6) is GRANTED. The parties are ORDERED not to publicly disclose the actual names of M.G. and S.G. without first obtaining leave of Court to do so. The Clerk is DIRECTED to continue to use the initials of M.G. and S.G. on the docket until further order of the Court. The Court CAUTIONS, however, that "the balancing of interests can shift against [M.G.] depending on future developments in this case." *Trs. of Ind. Univ.*, 2013 WL 3353944, at *3.

SO ORDERED.

Entered this 10th day of April 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge